**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ANGELA TIGNER**                                                                        **PLAINTIFF**

**V.**                                                **CIVIL ACTION NO.: 1:08CV9-SA-JAD**

**LEA C. PASLAY INSURANCE, INC., et al.**                                 **DEFENDANTS**

**ORDER ON MOTION TO DISMISS**

Defendant Mutual of Omaha Insurance Company ("Mutual") filed a Motion to Dismiss [89] the Plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). After reviewing the motion, responses, rules, and authorities, the Court finds as follows:

*Factual and Procedural Background*

Plaintiff originally filed this action in the Circuit Court of Lee County. Defendants removed the action to the Northern District of Mississippi in January, 2008. Plaintiff filed a Motion to Remand, which this Court denied on September 3, 2008. The Court reconsidered this denial, in part, on February 17, 2009. On April 17, 2009, the Plaintiff amended her complaint. Thereafter, Mutual filed this Motion to Dismiss.

Mutual contends that this Court's prior two orders held that Plaintiff's claims against Mutual are completely preempted by ERISA. Alternatively, Mutual argues that Plaintiff cannot impute the alleged misrepresentations of its agent to the insurance company.

*Motion to Dismiss Standard*

In considering a motion under Rule 12(b)(6), the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In Re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544,

570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); accord Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 173 L. Ed. 2d 868, 883-85 (May 18, 2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. 1955 (quotation marks, citations, and footnote omitted).

Plaintiff contends that Mutual's Motion to Dismiss is really a Motion for Summary Judgment, and is, therefore, premature. Mutual attached some exhibits to their Motion to Dismiss which were not part of the pleadings. For purposes of this Motion to Dismiss, the Court did not consider those exhibits that are not part of the pleadings. Thus, the motion to dismiss standard will apply.

*Discussion and Analysis*

In Plaintiff's original Complaint, she alleged the following causes of action against the unnamed defendant insurance company: breach of contract, promissory estoppel, and breach of duty of good faith and fair dealing. In the Memorandum Opinion on Remand, [41], the Court held that because the claims Plaintiff asserted against the insurance company were "necessarily dependent on Plaintiff's right to receive benefits under the terms of the plan," those claims would be preempted by ERISA. Moreover, on reconsideration, the Court explained that "Plaintiff's allegations against the Insurance Company Defendants center around their alleged refusal to pay on the policy and refusal to provide Plaintiff with policy-related documents." Thus, Plaintiff's claims implicated the administration of benefits under an ERISA plan and were properly preempted in the earlier Order.

After these Orders were entered, Plaintiff amended her complaint and brought causes of action against Evelyn Pasley Corbett, Lea C. Pasley Insurance Company, and Mutual of Omaha

2

Insurance Company for fraudulent inducement, fraud in the factum, fraudulent concealment, negligent failure to procure insurance, promissory fraud, and emotional distress. Plaintiff noted that "all claims against . . . Defendant Mutual of Omaha Insurance Company are based upon their liability as principals . . . of Defendant Evelyn Pasley Corbett."

Mutual asserts that because the Court held that the Plaintiff's original causes of action against them were preempted by ERISA, Plaintiff's claims under the amended complaint are also preempted. This assertion is erroneous. As noted in the Court's previous Orders, Plaintiff's claims were preempted because her allegations implicated the administration of benefits under an ERISA plan. Because Plaintiff's claims of fraudulent inducement, fraud in the factum, fraudulent concealment, negligent failure to procure insurance, promissory fraud, and emotional distress do not implicate the administration of an ERISA plan, they are not necessarily preempted.

Indeed, this Court explicitly recognized, pursuant to the Fifth Circuit's decision in Perkins v. Time Insurance Company, 898 F.2d 470 (5th Cir. 1990), that Plaintiff's claim of fraudulent inducement against Evelyn Pasley Corbett was not preempted. Plaintiff seeks to establish agency liability against Mutual in this instance for the alleged fraudulent inducements of the independent agent.

In Perkins, the Fifth Circuit held that claims of fraudulent inducement against independent insurance agents were not preempted by ERISA. Moreover, the Court noted that the independent insurance agent's "liability, if any, is personal and under ERISA may not be imputed to [the insurance company]." Id. at 474 n. 1. In explaining the Perkins' Court holding, the Fifth Circuit, in a later case, noted that the insurance company "could never have been responsible for the agent's conduct because of the agent's independent status." Hobson v. Robinson, 75 Fed. Appx. 949, 955

3

(5th Cir. 2003). However, [i]f the agent . . . had been an employee of Time, then Time could have been liable for its agent's conduct." Id. Thus, Mutual cannot, as a matter of law, be held liable for the alleged fraudulent inducements of an independent agent.

Plaintiff cites an Eighth and a Tenth Circuit case for the proposition that an insurer can be held liable for the fraudulent inducements of its agent. However, those cases are distinguishable from the case *sub judice*. Wilson v. Zoellner, 114 F.3d 713 (8th Cir. 1997); Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985 (10th Cir. 1999). In Wilson, the insurance agent was not an independent insurance agent, but rather, was an employee of the insurance company; whereas, here, neither party disputes that Corbett was an independent insurance agent. Likewise, the plaintiff in Woodworker's Supply alleged that the insurer committed the fraudulent inducement, not an agent.

This Court has binding Fifth Circuit precedent that insurers cannot be held liable for an independent insurance agent's alleged fraudulent inducement. Accordingly, Plaintiff's fraudulent inducement claim cannot survive a 12(b)(6) inquiry. Mutual contends that all Plaintiff's claims against them must be dismissed as they arise solely from the alleged misrepresentations of the independent agent. Viewing the facts in the light most favorable to the Plaintiff, the Court cannot, at this stage of the proceeding, determine whether Plaintiff's claims stem only from the alleged misrepresentations.

Thus, Plaintiff's claim of fraudulent inducement against Mutual of Omaha Insurance Company is dismissed; however, the remainder of Plaintiff's claims against the insurance company may go forward.

SO ORDERED, this the  28th  day of October, 2009.

                                                /s/ Sharion Aycock  
                                                **UNITED STATES DISTRICT JUDGE**